Bolster, C. J.
This is an action of tort in which the plaintiff filed a redundant and argumentative declaration which plainly violated G. L. Ch. 231, §7, cl. 2. The essential allegations are that in an action by the plaintiff against one Manning, for legal fees the defendant here, called as a witness by the plaintiff, gave testimony which, though not wilfully false, was. in fact untrue, due to the “faulty memory — and confused state of mind of said witness”; that after the trial and before decision the plaintiff, out of court, asked the defendant to take steps to correct his testimony, which the latter refused to do out of ill-will toward the plaintiff and a desire to see him suffer financial loss; and that thereby the plaintiff lost his case.
The defendant filed what the judge considered a general demurrer with specifications, but which the plaintiff insists is only a special demurrer, bad as such. But the demurrer asserts that in all the numbered paragraphs of the declarations which alone contain the essential allegations stated above, no case good in law is set out. If the judge’s order sustaining the demurrer generally was right, there is no *639 sense in. sending this case to trial with hut one possible outcome. For the same reason the plaintiff should fare no better with his petition to establish a report. The legal issue is plain upon the record alone.
An action of tort for damages caused to litigants by even perjured testimony of witnesses will not lie. Phelps v. Stearns, 4 Gray 105. A fortiore, it will not lie for merely mistaken testimony.
A refusal, based on whatever motives, made out of court, to take steps to correct untrue testimony previously given in court, whatever its moral aspects, is nothing for which a remedy is given by private action. The appellant cites no precedent for it and we know of none. His proposition, that temporal damage inflicted by A upon B always finds a remedy in law, is one that falls far short of universal application. That, is particularly true of negative action.
Petition denied.
Report dismissed.